**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

MICHAEL BARACK, individually and on behalf of all others similarly situated,

Plaintiff,

v.

HOLY GRAIL CONSULTING, LLC,

Defendant.

Case No. 1:26-cv-20170-AHS

**CLASS ACTION**

**JURY TRIAL DEMANDED**

# FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Michael Barack ("Plaintiff"), individually and on behalf of all others similarly situated, brings this putative class action against Defendant Holy Grail Consulting, LLC ("Defendant") and, based upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and upon information and belief, supported by the investigation of counsel, as to all other matters, alleges as follows:

## NATURE OF THE ACTION

1. This putative class action arises out of Defendant's systematic and willful violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*., and its implementing regulations adopted by the Federal Communications Commission ("FCC"), codified at 47 C.F.R. § 64.1200, *et seq*., and Tex. Bus. & Com. Code § 302.101. As alleged herein, Defendant engaged in unlawful telemarketing by targeting Plaintiff and the proposed Class ("Class," defined below) with unsolicited telephone solicitations, causing widespread annoyance and harm, in violation of the TCPA by contacting numbers registered on the National Do Not Call Registry ("National DNC") in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c). Defendant also violated Section 302.101 of the Texas Business and Commerce Code by placing

calls to Texas residents, including Plaintiff, without "a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

2. Through this action, Plaintiff seeks an award of actual and statutory damages, liquidated damages, and/or civil penalties to Plaintiff and the Class to compensate for the injuries inflicted by Defendant's misconduct, and injunctive relief to halt ongoing and future unlawful telemarketing practices in violation of the TCPA and Section 302.101(a).

## JURISDICTION AND VENUE

3. **Subject Matter Jurisdiction**. This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331, as those claims arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. This Court has supplemental subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because that claim arises from the same nucleus of operative facts as the TCPA claim and is so related that it forms part of the same case or controversy.

4. **Venue**. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, including Defendant's transmission of unlawful telemarketing to Plaintiff who was located in this district.

## PARTIES

5. Plaintiff is a natural person and, at all relevant times, was a resident of Tarrant County, Texas.

6. Defendant is a legal entity organized under the laws of Florida, with its principal place of business in Broward County, Florida.

## TCPA BACKGROUND

7. In 1991, Congress enacted the TCPA, 47 U.S.C. § 227, *et seq.*, to curb the explosive growth of abusive telemarketing practices that invade consumer privacy and disrupt daily life. Congress recognized that "[u]nrestricted telemarketing…can be an intrusive invasion of privacy," particularly through automated technologies like robocalls. Pub. L. No. 102-243, § 2(5) (1991). The TCPA targets unwanted calls such as those alleged herein, to protect consumers from unsolicited intrusions. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (noting TCPA's response to "voluminous consumer complaints about abuses of telephone technology").

8. Among other things, the TCPA's implementing regulations prohibit telephone solicitations to residential subscribers whose phone numbers are registered on the National DNC, and the TCPA provides a private right of action to any person who has received two or more such calls within 12-month period. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

9. An entity can be vicariously liable under the TCPA for a call made on its behalf. Under those circumstances, the entity is deemed to have initiated the call through the person or entity. In a 2008 Declaratory Ruling, the FCC stated that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1121 (11th Cir. 2014) ("The 2008 FCC Ruling thus has the force of law[.]").

10. Violations of the TCPA cause concrete harm like invasion of privacy and annoyance, which Congress deemed actionable without additional injury. *See Drazen v. Pinto*, 74 F.4th 1336, 1346 (11th Cir. 2023) ("[W]e hold that the receipt of an unwanted text message causes

a concrete injury[.]"); *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017) (citing *Spokeo*, 578 U.S. at 341).

11. Statutory damages are recoverable for a violation of the TCPA at $500 per violation, trebled to $1,500 for willful or knowing violations, as well as injunctive relief to halt ongoing misconduct. 47 U.S.C. § 227(b)(3), (c)(5).

## FACTUAL ALLEGATIONS

12. At all relevant times Plaintiff was a residential subscriber and primary user of a cellular telephone number ending in 4850.

13. This is Plaintiff's personal phone line that is used as Plaintiff's residential phone line and is the primary means for friends and family to reach Plaintiff at home.

14. This number was registered on the National Do Not Call registry at least 30 days prior to the solicitations at issue.

15. Defendant initiated or caused to be initiated numerous unlawful telephone solicitations to Plaintiff's telephone number in violation of the TCPA and Texas Business & Commerce Code, § 302.101.

16. On November 11, 2024, at around 11:04 a.m. in Plaintiff's time zone, a third-party claiming to be calling on behalf of Defendant placed un unsolicited telemarketing call to Plaintiff's residential line without consent from 310-807-7833.

17. On November 12, 2024, at around 4:30 p.m. in Plaintiff's time zone, Defendant placed un unsolicited telemarketing call to Plaintiff's residential line without consent from 917-397-2009. Plaintiff spoke to the caller for approximately 4 minutes and learned that the call was placed on behalf of Defendant for the purpose of encouraging the purchase or rental of, or investment in, real property. The caller made reference to the November 11 call, confirming that

it was placed on behalf of Defendant. On November 16, 2024, at around 8:12 a.m. in Plaintiff's time zone, Plaintiff received a text message from 985-707-8821, in which "Cody Beaudette with Holy Grail Properties" identified himself and confirmed that someone from Holy Grail Properties had previously called and spoke to Plaintiff on November 12.

18. On December 4, 2024, Plaintiff received a second telephone solicitation from "Joseph" on behalf of Defendant from number 561-876-1345 for the purpose of encouraging the purchase or rental of, or investment in, real property. The next day, Plaintiff received an unsolicited email from "Leandre Whitlow" at email address, leandrew.holygrailproperties@gmail.com, who stated he was a "disposition manager of Holy Grail." Whitlow confirmed that his "partner Joseph spoke with [Plaintiff] yesterday."

19. On December 5, 2024, Plaintiff received a third telephone solicitation from "Ruddy" on behalf of Defendant from number 929-487-9106 for the purpose of encouraging the purchase or rental of, or investment in, real property. Plaintiff then received an unsolicited email from "Ruddy Acevedo De La Rosa" at ruddya.holygrailproperties@gmail.com who stated he was an "Acquisition Specialist" with Holy Grail Properties and confirmed that he had called and spoke with Plaintiff.

20. Defendant's unlawful telephone solicitations caused Plaintiff and the Class members concrete injury and actual damages, including inconvenience, invasion of privacy, aggravation, annoyance, intrusion upon seclusion, wasted time, consumption of their phone battery and/or data, violation of their statutory privacy rights, and disruption to their personal and daily life as Plaintiff received the unlawful telephone solicitations at inconvenient times, causing Plaintiff to stop to check their phone to confirm the telephone solicitations were not for an

emergency purpose, and because Plaintiff was forced to spend time investigating the source of the telephone solicitations and seeking out legal counsel to stop Defendant's harassing solicitations.

21. Based upon information and belief, Defendant maintains and/or has access to outbound and inbound transmission reports for all telephone solicitations sent for the purpose of encouraging or promoting the sale of its goods and services, which show the dates, times, target telephone numbers, and content of each telephone solicitation made to Plaintiff and the Class members.

## CLASS ALLEGATIONS

22. Plaintiff brings this action individually and as a class action under Fed. R. Civ. P. 23(a) and (b)(3) on behalf of the following proposed Classes:

> **National TCPA DNC Class:** All persons in the United States who, during the period beginning four years prior to the filing of this action and ending on the date of class certification, (1) received two or more telephone calls (2) in any 12-month period (3) from Defendant or on its behalf (4) for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, (5) after their telephone number had been listed on the National DNC for at least thirty-one days.
>
> **Texas Subclass:** All persons in the State of Texas who received a telephone solicitation from Defendant or on its behalf.

23. The Classes defined above are referred to herein individually or collectively as the "Class."

24. Plaintiff reserves the right to expand or narrow the Class definitions following discovery.

25. Excluded from the Class are Defendant and its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

26. ***Numerosity***. The members of the Class are so numerous that individual joinder is impracticable. Although the exact number of Class members is unknown, Plaintiff alleges upon information and belief that each Class includes at least 40 members based on the nature and objective of telemarketing campaigns, which are designed to reach a large volume of potential customers (called "leads" in the industry), in order to convert a small percentage of those leads into actual customers to ultimately drive increased sales to the company that engage in telemarketing. Class members are ascertainable through objective criteria, such as Defendant's call and text records, which Defendant maintains, allowing identification through discovery.

27. ***Common questions of law and fact predominate.*** There are numerous questions of law and fact that are common to the Class that predominate over any questions affecting only individual members of the Class, which will produce common answers that will drive resolution of the litigation, and they include, but are not limited to, the following:

a. Whether Defendant called numbers registered on the National DNC;

b. Whether Defendant's calls constitute "telephone solicitations" under the TCPA;

c. Whether Defendant made telephone solicitations to consumers in Texas without holding a registration certificate;

d. Whether Defendant's conduct was knowing and/or willful;

e. Whether Plaintiff and the Class are entitled to statutory damages, liquidated damages, penalties, and/or punitive damages, and the amount of such damages.

28. ***Typicality***. Plaintiff's claims are typical of the Class members' claims under Fed. R. Civ. P. 23(a)(3) because they arise from the same course of conduct by Defendant and are based on the same legal theories. Plaintiff and Class members suffered similar harms, and Plaintiff is not subject to unique defenses.

29. ***Adequacy of representation***. Plaintiff will fairly and adequately protect the Class's interests under Fed. R. Civ. P. 23(a)(4). Plaintiff has retained counsel experienced in complex consumer class actions and TCPA litigation and intends to vigorously prosecute this action. Plaintiff has no interests antagonistic to the Class.

30. ***Superiority***. A class action is superior to other methods for fairly and efficiently adjudicating this controversy under Fed. R. Civ. P. 23(b)(3). Individual litigation is economically infeasible due to the high costs relative to individual, making separate lawsuits impractical. Class treatment avoids burdening the court system with numerous individual cases and prevents inconsistent rulings or standards for Defendant. For example, one court might enjoin Defendant's conduct while another might not, creating conflicting obligations. Class members are unlikely to pursue individual claims due to the modest damages relative to litigation costs.

31. In addition to satisfying the prerequisites of Fed. R. Civ. P. 23(a), Plaintiff satisfy the requirements for maintaining a class action under Fed. R. Civ. P. 23(b) because:

a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c. Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

d. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## CAUSES OF ACTION

### COUNT 1

**Violation of the TCPA, 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National TCPA DNC Class)**

32. Plaintiff incorporates by reference and realleges the allegations in the paragraphs above, as though fully set forth herein.

33. The TCPA established a National DNC Registry of phone numbers of consumers who object to receiving telephone solicitations. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014.

34. The TCPA's implementing regulations adopted by the FCC provide that "[n]o person or entity shall initiate any telephone solicitation to[] [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." 47 C.F.R. § 64.1200(c)(2).

35. The law "presume wireless subscribers who ask to be put on the national do-not-call list to be 'residential subscribers.'" *In Re Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991,* 18 F.C.C. Rcd. 14014, 14038–39 (2003).

36. A violation of Section 64.1200(c) is actionable through 47 U.S.C. § 227(c)(5), which grants a private right of action to any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of [Section 64.1200(c)]." 47 U.S.C. § 227(c)(5).

37. As alleged herein, Defendant—or third-parties acting on Defendant's behalf—initiated, or caused to be initiated on its behalf, more than one telephone solicitation in a 12-month period to the residential telephone lines of Plaintiff and the Class members while their telephone numbers were registered on the National DNC.

38. Defendant's telephone solicitations to Plaintiff and the Class members constitute "telephone solicitations" under the TCPA because they were initiated "for the purpose of encouraging the purchase or rental of…property, goods, or services[.]" 47 C.F.R. § 64.1200(f)(15).

39. As a result of Defendant's violations of the TCPA, Plaintiff and the Class members were harmed.

40. Defendant knew or should have known that it was initiating telephone solicitations to numbers on the National DNC without the requisite level of consent, thus Defendant's violations of the TCPA were willful or knowing.

**COUNT 2**

**Violation of Tex. Bus. & Com. Code § 302.101**
**(On Behalf of Plaintiff and the Texas Subclass)**

41. Plaintiff incorporates by reference and realleges the allegations in the paragraphs above, except for the paragraphs in the preceding Count, as though fully set forth herein.

42. Under Tex. Bus. & Com. Code § 302.101(a), "[a] seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made."

43. Under Tex. Bus. & Com. Code § 302.301, the party bringing the action may recover up to $5,000 for each violation, as well as all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

44. As alleged herein, Defendant—or third-parties acting on Defendant's behalf—initiated, or caused to be initiated on its behalf, telephone solicitations to Plaintiff and the members of the Texas Subclass who were located in the State of Texas.

45. At the time that Defendant made those telephone solicitations, Defendant did not hold the registration certificate required by Tex. Bus. & Com. Code § 302.101.

46. Thus, Defendant violated Tex. Bus. & Com. Code § 302.101 each time it made a telephone solicitation to Plaintiff or a member of the Texas Subclass.

47. Plaintiff and the members of the Texas Subclass were harmed by Defendant's violations of Tex. Bus. & Com. Code § 302.101.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases, call logs, text message records, or other itemizations associated with the allegations herein, including those in the possession of any vendors, individuals, or companies contracted, hired, or directed by Defendant to assist in initiating the alleged unlawful solicitations. This includes but is not limited to records identifying telephone numbers contacted, dates and times of the solicitations, consent documentation, and do-not-call requests.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, prays for the following relief:

A. An order certifying the Class, appointing Plaintiff as Class Representative, and Plaintiff's counsel as Class Counsel;

B. An award to Plaintiff and each Class member of statutory damages of $500 per violation of the TCPA, trebled to $1,500 for knowing or willful violations;

C. An award to Plaintiff and each Texas Subclass member of $5,000 for each violation of Tex. Bus. & Com. Code § 302.101;

D. An award to Plaintiff and the Class of their reasonable attorney's fees as available under the law;

E. An award to Plaintiff and the Class of their costs of this action as available under the law;

F. An award to Plaintiff and the Class of post-judgment interest as available under the law; and

G. Any such further and other relief as the Court deems just and equitable.

Dated April 2, 2026

Respectfully submitted,

*/s/ Christopher Gold*

Christopher Gold, Esq.
Florida Bar No. 088733
**GOLD LAW, PA**
350 Lincoln Rd., 2nd Floor
Miami Beach, FL 33139
Tel: 305-900-4653
chris@chrisgoldlaw.com

*Lead Counsel for Plaintiff and the Proposed Class*

*/s/ Garrett Berg*

Garrett Berg, Esq.
Florida Bar No. 1000427
**GARRETT BERG LAW, P.A.**
555 NE 15th St., PH A
Miami, FL 33132
garrett@gberglegal.com

*Counsel for Plaintiff and the Proposed Class*